McNICHOLAS & McNICHOLAS, LLP
Matthew S. McNicholas, Esq. SBN-190249
Email: msm@mcnicholaslaw.com
Catherine B. Schmidt, Esq. SBN-212827
Email: cbs@mcnicholaslaw.com
10866 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90024-4338
(310) 474-1582; Fax:  (310) 475-7871

KINGSLEY & KINGSLEY, APC
George R. Kingsley, Esq., SBN-38022
Eric B. Kingsley, Esq. SBN-185123
Email: eric@kingsleykingsley.com
Gregory E. Givens, Esq. SBN-212348
Email: ggivens@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
(818) 990-8300; Fax (818) 990-2903

JOSEPH & HERZFELD LLP
Charles Joseph, Esq. Fed Bar #Cj-9442
Email: charles@JHLLP.com
757 Third Avenue, 25th Floor
New York, NY 10017
(212) 688-5640; Fax (212) 688-2548
Seeking Admission Pro Hac Vice

COHELAN & KHOURY
Timothy D. Cohelan, Esq. SBN-60827
Email: TCohelan@ck-lawfirm.com
Michael D. Singer, Esq. SBN-115301
Email: msinger@ck-lawfirm.com
Jason J. Hill, Esq. SBN-179630
Email: JHill@CK-LawFirm.com
605 C Street, Suite 200
San Diego, CA 92101-5305
(619) 595-3001; Fax (619) 595-3000

THE CARTER LAW FIRM
Roger R. Carter, Esq. SBN-140196
Email: rcarter@cartergaraylaw.com
2030 Main St Ste 1300
Irvine, CA 92614
(949) 260-4737; Fax (949) 260-4754

1

Attorneys for Plaintiffs and the Proposed Class
PAUL HASTINGS JANOFSKY AND WALKER LLP
Donna D. Melby, Esq. SBN-86417
Email: donnamelby@paulhas1tings.com
Barbara L. Johnson, Esq. (Admitted *pro hac vice*)
Email: barbarajohnson@paulhastings.com
Holly R. Lake, Esq. SBN-204304
Email: hollylake@paulhastings.com
515 So. Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000; Fax (213) 627-0705

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SILVERMAN, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>SmithKline Beecham Corporation, dba GlaxoSmithKline; and DOES 1 to 10, Inclusive,<br><br>Defendants. | CASE NO.: CV06-07272-DSF (CTx)<br>Complaint Filed: November 14, 2006<br><br>**PROTECTIVE ORDER (NOT LIMITED TO DISCOVERY) GOVERNING THE AMERICAN MEDICAL ASSOCIATION'S CONFIDENTIAL INFORMATION FOR CONSIDERATION BY HON. DALE S. FISCHER** |

2

| | |
|---|---|
| 1 | MARY STEHLE, on behalf of |
| 2 | herself and all others similarly situated, |
| 3 | |
| 4 | |

MARY STEHLE, on behalf of herself and all others similarly situated,

Plaintiffs,

SmithKline Beecham Corporation, dba GlaxoSmithKline; and DOES 1 to 10, Inclusive,

Defendants.

Consolidated into CASE NO. CV 06-07272 DSF (CTx) for purposes of discovery and law and motion.

CASE NO. CV 07-2601 DSF (CTX)
Complaint Filed: December 14, 2006

Court: Roybal, Courtroom 840
Jude: Dale S. Fischer

## ORDER

The Court, having reviewed the "Stipulation Re: Protective Order (Not Limited To Discovery) Governing The American Medical Association's Confidential Information For Consideration By Hon. Dale S. Fischer", and good cause appearing therefore, it is hereby

### ORDERED THAT:

1.     The Stipulation is approved in its entirety.

2.     **IT IS FURTHER ORDERED THAT** the AMA has designated certain information to which this Protective Order applies as follows: all prior versions, all contemplated versions, all contemplated changes to AMA Ethical Opinion E-8.061, any existing drafts of AMA Ethical Opinion E-8.061, and any notes regarding AMA Ethical Opinion E-8.061 (hereinafter "Confidential Information.")  In addition, certain portions of deposition transcripts may be deemed Confidential Information pursuant to Section III below.

3.     **IT IS FURTHER ORDERED THAT** the AMA's basis for confidentiality is as follows: the Confidential Information is proprietary internal communications not intended to be the published policies and procedures of the AMA.

3

[PROPOSED] PROTECTIVE ORDER RE AMA CONFIDENTIAL INFORMATION

4.    **IT IS FURTHER ORDERED THAT** specific prejudice and harm will result to the AMA if the Confidential Information is disclosed including, but not limited to, confusion as to the published AMA Ethical Opinion E-8.061, as well as a chilling effect of free and open discussion of policies within the AMA prior to publication of ethical opinions.

5.    **IT IS FURTHER ORDERED THAT** Confidential Information produced by the AMA pursuant to this Protective Order in the form of a document shall be stamped or otherwise marked by the AMA with the following designations: "AMA CONFIDENTIAL" or "CONFIDENTIAL INFORMATION SUBJECT TO AMA PROTECTIVE ORDER."

6.    **IT IS FURTHER ORDERED THAT** notwithstanding the designation of Confidential Information, such information shall not be Confidential Information, nor shall disclosure be limited in accordance with this Protective Order, where such information:

a.    at the time of disclosure, is in the public domain by publication or otherwise;

b.    subsequent to disclosure, through no act or failure to act on the part of the Parties, entered the public domain by publication or otherwise;

c.    is already in the possession of a Party free of any obligation of confidence at the time it was communicated to such Party; or

d.    is provided to a Party by a third party who obtained the information by legal means without any obligation of confidence to any party; or

e.    was developed by employees or agents of any Party independently of and without any reference to any information communicated by the AMA.

**II.    RIGHT OF ACCESS TO CONFIDENTIAL INFORMATION**

4

1.   **IT IS FURTHER ORDERED THAT** Confidential Information shall be disclosed only to:

    a.    Courts of law, Court personnel, and any jurors who may hear this action;

    b.    the Parties;

    c.    the attorneys of record in this action and employees of their respective law firms or legal departments, all of whom shall be bound by this Protective Order;

    d.    persons not employed by or otherwise affiliated with any of the Parties who are retained by or on behalf of any of the attorneys of record in this action solely to assist them in this action (including, but not limited to, independent accountants, statisticians, economists, and other experts, and other consultants) (hereinafter "Experts & Consultants"), but only after each such Experts & Consultants have reviewed this Protective Order and executed a Declaration Form provided in Section II, Paragraph 4 below; and/or

    e.    actual or potential witnesses, provided there is a reasonable basis to believe that the witness will give relevant testimony regarding the Confidential Information, and provided that said witness has reviewed this Protective Order and executed a Declaration Form provided in Section II, Paragraph 4 below.

2.   **IT IS FURTHER ORDERED THAT** the Parties, their attorneys, their employees, their Experts & Consultants, and their witnesses understand and agree that the Confidential Information is to be used solely for the purpose of prosecuting and/or defending the above-entitled action, and if applicable, in any subsequent court proceeding concerning any judgment that may be awarded by a jury at trial.

3.   **IT IS FURTHER ORDERED THAT** the Parties, their attorneys, their employees, their Experts & Consultants, and their witnesses understand and agree

[PROPOSED] PROTECTIVE ORDER RE AMA CONFIDENTIAL INFORMATION

that they will not make the Confidential Information available to any person or entity, other than as provided herein.

4.   **IT IS FURTHER ORDERED THAT** each Party's attorney shall keep custody of declarations signed by Experts & Consultants, and their witnesses. Following designation of expert witnesses, and upon request, a Party shall provide the other Party with copies of every signed declaration of their experts.  As to any consultant(s) who has (have) not been designated as an expert, the Party retaining such consultant(s) shall provide a written representation from their attorney that all consultants, who received Confidential Information, have executed this declaration. As to any witness(es), the Party disclosing Confidential Information to such witness(es) shall provide a written representation from their attorney that all witness(es), who received Confidential Information, have executed this declaration. The declaration shall be in the following form:

DECLARATION OF _____

I, _____, declare as follows:

1.     I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2.     I have read a copy of the Stipulation and Protective Order (Not Limited To Discovery) Governing The American Medical Association's Confidential Information For Consideration By Hon. Dale S. Fischer (hereinafter the "Protective Order") entered in the captioned action with respect to the treatment of Confidential Information.  I understand that I am bound by its terms.  Attached hereto and marked as Exhibit "1" is a true and correct copy of the Protective Order.

3.     I hereby agree that I shall not disclose or use any Confidential Information except in accordance with the terms of the Protective Order.

4.     I consent to the jurisdiction of the Court in which this matter is currently pending, for all purposes related to the enforcement of the obligations covered, created or recognized by the Protective Order.

5.     I understand that any use of Confidential Information in any manner contrary to the provisions of the Protective Order

6

may subject me to contempt sanctions of the Court.

I declare under penalty of perjury under the laws of this State and the United States of America that the foregoing foregoing is true and correct.

Executed on _____(*date*), at _____(*city*), _____(*state*).

_____
[*Declarant*]

(hereinafter the "Declaration Form")

///

///

## III.   CONFIDENTIAL INFORMATION IN DEPOSITIONS

1.   **IT IS FURTHER ORDERED THAT** other than a witness appearing pursuant to subpoena or notice, the court reporter, any translator, and any videographer, no person may be present at a deposition conducted in this matter who is not authorized to receive Confidential Information pursuant to this Protective Order.

2.   **IT IS FURTHER ORDERED THAT** during the course of any deposition, any Party may use Confidential Information as exhibits and may designate specific portions of testimony regarding the Confidential Information as Confidential Information.  The reporter shall prepare that portion of the testimony, and those exhibits designated as Confidential Information, as a separate transcript, which shall be placed in a separate envelope attached to the deposition transcript and marked as "AMA CONFIDENTIAL" OR "CONFIDENTIAL INFORMATION SUBJECT TO AMA PROTECTIVE ORDER."  Any use of the transcript in any proceedings in this matter shall be governed as set forth below.

3.   **IT IS FURTHER ORDERED THAT** any Party and the AMA shall have thirty (30) days from receipt of any deposition transcript to review that transcript and designate additional testimony as Confidential Information.  Counsel designating additional testimony as Confidential Information shall provide notice to

all other counsel, and shall further prepare and serve a Supplemental Confidential Deposition Index, which shall contain the following information: deponent name, page/line reference, and grounds for confidentiality.

**IV.   CHALLENGE TO DESIGNATION OF CONFIDENTIAL INFORMATION**

1.   **IT IS FURTHER ORDERED THAT** any challenge to a designation of Confidential Information must be initiated with a letter stating why the information should not be confidential.  This letter shall be sent to the AMA or the counsel for the Party who designated the Confidential Information (the "Designating Party.")  This letter may be sent at any time and shall be sent via facsimile and U.S. mail.  This letter will constitute the beginning of any meet-and-confer process required before formal motions.  The challenging Party must include a reasonably specific identification of the Confidential Information subject to their challenge.

2.   **IT IS FURTHER ORDERED THAT** the Designating Party will have fourteen (14) business days from the date of such challenge to respond in writing.  An extension of time to respond by the Designating Party may be agreed upon in writing by all participants involved in the dispute.

3.   **IT IS FURTHER ORDERED THAT** failure by the Designating Party to respond, either within fourteen (14) business days or within the time otherwise agreed to by all participants involved in the dispute, will be deemed as acquiescence and the Confidential Information shall lose its protected status.

4.   **IT IS FURTHER ORDERED THAT** in the event that the participants involved in the dispute are unable to resolve any challenge to a designation of Confidential Information through meet and confer efforts, the Designating Party may present such dispute to the Court by motion or otherwise.  In addition, nothing precludes the Party who challenges the designation of Confidential Information from bringing a motion challenging the designation of Confidential Information at any

8

time after production.  Any motion concerning designation of Confidential Information must be brought in conformance with the FRCP and Central District Local Rule 37.[1]  In the resolution of any motion before the Court, regardless of who brings the motion, the burden of establishing confidentiality shall always be on the party who made the claim of confidentiality.

5.      **IT IS FURTHER ORDERED THAT** during the pendency of any motion challenging any designation of Confidential Information, the challenged material shall remain subject to the protections of this Protective Order until ordered otherwise by the Court.  Furthermore, neither the confidential portion of the motions (or other legal pleadings), nor the Confidential Information, shall be made part of the public record, unless the motion results in the Confidential Information losing its protected status.

## V.      MOTION PROCEDURE CONCERNING CONFIDENTIAL INFORMATION

1.      **IT IS FURTHER ORDERED THAT** other than motions that may be filed pursuant to Section IV of this Protective Order, prior to filing a motion which will reveal, or is likely to reveal, Confidential Information in a pleading, as a lodged exhibit, or in oral argument, the moving party shall meet and confer with the Designating Party and shall identify all Confidential Information which shall be revealed or is likely to be revealed.  This meet and confer is in an attempt to resolve any conflicts as to disclosure of the Confidential Information (for example, by stipulation to the fact at issue, to the filing of a redacted version of the document at issue, or such other arrangement that addresses the interests of both parties).

2.      **IT IS FURTHER ORDERED THAT** if any Party intends to file or lodge Confidential Information with the Court, such Party shall submit the

---

[1]  United States District Court, Central District of California, Local Civil Rule 37 can be found at: http://www.cacd.uscourts.gov/CACD/LocRules.nsf/Local+Rules?OpenView

[PROPOSED] PROTECTIVE ORDER RE AMA CONFIDENTIAL INFORMATION

appropriate application to file documents under seal and shall comply with Central District Local Rule 79-5.  If such application is granted, Confidential Information shall be filed in sealed envelopes or containers on which shall be written the title of this action, the identity of the party filing and/or serving the material, the designation "CONFIDENTIAL" and a statement substantially in the following form: "This envelope contains materials subject to a Protective Order entered in this action and sealed pursuant to the [date] order of the Hon. _____.  It is not to be opened or the contents thereof to be displayed, revealed or made public, except by further order of the Court."  No such sealed envelope shall be opened except by the Court or on Court order.

3.     **IT IS FURTHER ORDERED THAT** the designation of Confidential Information does not entitle the parties to have those documents filed under seal. The parties are required to make the appropriate showing that the Court should allow the Confidential Information to be filed under seal.  <u>See</u> <u>Kamakana v. City and County of Honolulu</u>, 447 F. 3d 1172, 1178-81 (9th Cir.2006).  Any application to file documents under seal in proceedings before the district judge should be made to the district judge.

4.     **IT IS FURTHER ORDERED THAT** any Confidential Information filed or lodged with the Court shall be kept confidential and not disclosed to any third party absent a valid order from the Court, except as permitted herein.

5.     **IT IS FURTHER ORDERED THAT** if oral argument of a motion will result in revealing the substance of the submitted confidential documents, such oral argument shall be made in camera or in such other manner as the Court may direct to ensure the confidentiality of the substance of those documents.  Any portion of the recorded transcripts of the argument where Confidential Information is revealed shall not be made part of the public record and shall be treated as Confidential Information subject to the terms and conditions of this Protective Order, unless the court orders

10

otherwise.

6.     **IT IS FURTHER ORDERED THAT** this Protective Order may not prevent any Party or non-party from utilizing Confidential Information in conjunction with any Court filing or at time of trial.  Furthermore, if the court should deny a request to file papers under seal, for reasons other than a Party's or non-party's failure to submit a proper request therefore, the Confidential Information at issue may be filed as if never designated as Confidential Information.

///

## VI.    RIGHT TO SEEK OR AGREE TO OTHER ORDERS

**IT IS FURTHER ORDERED THAT** this Protective Order shall not prevent any party from applying to the Court for relief herefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate any orders relating to this Protective Order, subject to approval of the Court.

## VII.   NOTICE OF DISCLOSURE

1.     **IT IS FURTHER ORDERED THAT** in the event of any disclosure of Confidential Information to any person other than as provided in this Protective Order, written notice of such disclosure shall be given to all parties to the action by the party whose side made the disclosure within five (5) court days of that party's discovery of the disclosure.

2.     **IT IS FURTHER ORDERED THAT** the Disclosing Party shall make every effort to prevent further disclosure by it or by the person who was the recipient of the Confidential Information.

3.     **IT IS FURTHER ORDERED THAT** any motion concerning disclosure of Confidential Information shall be brought in compliance with Central District Local Rule 37.

## VIII.  DISPOSAL OF CONFIDENTIAL INFORMATION

[PROPOSED] PROTECTIVE ORDER RE AMA CONFIDENTIAL INFORMATION

1.    **IT IS FURTHER ORDERED THAT** following the final determination of the instant action, whether by voluntary dismissal or judgment, each party shall destroy all Confidential Information without limitation, all the documents marked "AMA CONFIDENTIAL" or "CONFIDENTIAL INFORMATION SUBJECT TO AMA PROTECTIVE ORDER," together with all copies made of such documents, within thirty (30) days of such final determination.  However, counsel for all Parties are entitled to keep copies of pleadings and correspondence used in this litigation, in a secure storage area subject to the terms of this Protective Order.

2.    **IT IS FURTHER ORDERED THAT** within twenty-four (24) hours of destruction, all Parties shall provide the AMA with a certificate of destruction in the following form:

CERTIFICATION OF DESTRUCTION

Pursuant to the Stipulation And Protective Order (Not Limited To Discovery) Governing The American Medical Association's Confidential Information For Consideration By Hon. Dale S. Fischer (hereinafter the "Protective Order"), [*NAME OF PARTY*], by and through its/their undersigned counsel, hereby certifies/certify that it/they have destroyed Confidential Information produced by the AMA.

This Certification affirms that [*NAME OF PARTY*] has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information except to the extent its/their undersigned counsel has retained any archival copies of pleadings and correspondence in compliance with Section VIII, Paragraph 1 of the Protective Order.

Dated:                              By:


**IX.    COURT'S RETENTION OF JURISDICTION**

1.    **IT IS FURTHER ORDERED THAT** notwithstanding the termination of the instant litigation, the Court shall retain jurisdiction over the Parties and

12

persons receiving information pursuant to the terms of this Protective Order for the purpose of enforcing all obligations arising hereunder.

2.      **IT IS FURTHER ORDERED THAT** the Parties expressly agree that entering into this Protective Order does not prejudice, limit, or impact the right of any Party to seek the transfer of venue from the United States District Court Central District of California to another venue.  If such a transfer is granted, the Parties agree to the jurisdiction of the Court where the litigation is pending to resolve any dispute or issue arising out of this Protective Order.

## X.      VIOLATION OF PROTECTIVE ORDER

**IT IS FURTHER ORDERED THAT** any Party or non-party may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Protective Order.

Dated:  June 19, 2008

_____

HONORABLE DALE S. FISCHER

[PROPOSED] PROTECTIVE ORDER RE AMA CONFIDENTIAL INFORMATION