McNICHOLAS & McNICHOLAS, LLP
Matthew S. McNicholas, Esq. SBN-190249
E-mail: msm@mcnicholaslaw.com
Catherine B. Schmidt, Esq. SBN-212827
E-mail: cbs@mcnicholaslaw.com
10866 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90024-4338
(310) 474-1582; Fax:  (310) 475-7871

KINGSLEY & KINGSLEY, APC
George R. Kingsley, Esq. SBN-38022
Eric B. Kingsley, Esq. SBN-185123
Email: eric@kingsleykingsley.com
Gregory E. Givens, Esq. SBN-212348
Email: ggivens@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
(818) 990-8300; Fax (818) 990-2903

JOSEPH & HERZFELD LLP
Charles Joseph, Esq. Fed Bar #Cj-9442
Email: charles@JHLLP.com
757 Third Avenue, 25th Floor
New York, NY 10017
(212) 688-5640; Fax (212) 688-2548
Seeking Admission Pro Hac Vice

COHELAN & KHOURY
Timothy D. Cohelan, Esq. SBN-60827
Email: tcohelan@californiaclassactions.com
Jason J. Hill, Esq. SBN-179630
Email: JHill@CK-LawFirm.com
605 "C" Street, Suite 200
San Diego, California 92101-5305
(619) 595-3001; Fax: (619) 595-3000

THE CARTER LAW FIRM
Roger R. Carter, Esq. SBN-140196
Email: rcarter@cartergaraylaw.com
2030 Main St Ste 1300
Irvine, CA 92614
(949) 260-4737; Fax (949) 260-4754

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID SILVERMAN, on behalf of himself and others similarly situated,<br><br>                    Plaintiffs,<br><br>SmithKline Beecham Corporation, dba GlaxoSmithKline; and DOES 1 to 10, Inclusive,<br><br>                    Defendants. | CASE NO.: CV06-07272 DSF (CTx)<br>Complaint Filed: 11/14/06 2006<br><br>**SECOND AMENDED COMPLAINT**<br>**CALIFORNIA CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR:**<br>1.  Unfair Competition Law, B&P Code § 17200<br>2.  Overtime Provisions<br>3.  Waiting Period Penalties [Cal. Labor Code §§ 201-203<br>4.  Record Keeping Provisions<br>5.  Meal & Rest Period Provisions<br>6.  Civil Penalties<br>7.  Conversion<br><br>**DEMAND FOR JURY TRIAL** |
| MARY STEHLE, on behalf of herself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>SmithKline Beecham Corporation, dba GlaxoSmithKline; and DOES 1 to 10, Inclusive,<br><br>                    Defendants.<br><br>Consolidated into CASE NO. CV 06-07272 DSF (CTx) for purposes of discovery and law and motion. | CASE NO.: CV07-2601-DSF (CTx)<br>Complaint Filed: 12/14/06<br><br><br><br><br><br><br><br>Court: Roybal, Courtroom 840<br>Judge: Dale S. Fischer |

Upon information and belief, comes now plaintiffs, DAVID SILVERMAN, and MARY STEHLE, on behalf of themselves and others similarly situated, ("Plaintiffs"), and on the basis of that

information and belief hereby allege as follows:

## **INTRODUCTION AND CERTAIN DEFINITIONS**

1.    This is an action for violation of state wage and hour laws by and on behalf of former and current employees of Defendants, referred to below as "Covered Employees." The Covered Employees include DAVID SILVERMAN, Plaintiff. Pursuant to a decision, policy and plan, these employees are unlawfully classified by Defendants as exempt from laws requiring overtime pay, but actually were and are non-exempt and entitled to overtime pay.

2.    In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by any of the Defendants in any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included):

a.    Executive Sales Representative

b.    Senior Sales Representative

c.    Sales Representative

and who were employed during the statute of limitations period for the particular claim for relief in which the term Covered Employees is used, including time during which the statute of limitation was or may have been tolled or suspended.  The above job positions are referred to herein as "Covered Positions."

3.    In this pleading, "Defendants" means "defendants and each of them" and refers to the defendants named in the particular

claim for relief in which the word "Defendants" appears. Defendants include SMITHKLINEBEECHAM CORPORATION dba GLAXOSMITHKLINE, PLC ("GLAXOSMITHKLINE"), and all domestic affiliates and subsidiaries.

4.   The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bear the burden of pleading, proof, or persuasions.  Plaintiff reserves all rights to plead in the alternative.

**JURISDICTION AND VENUE**

5.   This Court has diversity jurisdiction under 28 U.S.C. § 1332(d)(the Class Action Fairness Act, hereinafter "CAFA") because: i) the claims of all plaintiffs aggregated together exceed $5 million; and ii) at least one plaintiff is diverse from at least one defendant.  Plaintiffs estimates that the aggregated claims of all plaintiffs exceed $5 million.  Furthermore, as stated more fully below, Plaintiff SILVERMAN is a citizen of California, which is diverse from Defendant GLAXOSMITHKLINE, a foreign corporation with a principal place of business in Pennsylvania.

6.   Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. Venue is proper in this District also because there is personal jurisdiction in this District over all Defendants.  Presently and at all times, Defendants have conducted substantial, continuous and systematic commercial activities in this District.

**PARTIES**

7.   Defendant GLAXOSMITHKLINE is a foreign corporation with its United States headquarters in Philadelphia, Pennsylvania. Together with the other Defendants, GLAXOSMITHKLINE does business in all fifty states, including California and the United Stated Territories.

8.   Plaintiff DAVID SILVERMAM is a California resident and was employed by Defendants in Tarzana, California from April 2000 to July 2005 as a Sales Representative/Senior Sales Representative.   Plaintiff SILVERMAN worked hours in excess of forty (40) hours per workweek and eight (8) hours per day, without receiving overtime compensation as required by state law.

9.   Plaintiff MARY STEHLE is an individual residing in the County of Orange, State of California.   Plaintiff STEHLE was employed by GLAXOSMITHKLINE at all times relevant herein.   As a Pharmaceutical Representative, Plaintiff STEHLE regularly worked hours in excess of forty (40) hours per workweek, and was subject to GLAXOSMITHKLINE's unlawful policies during the relevant time period.

10.   DOES 1 through 10, inclusive are now, and/or at all times mentioned in this Second Amended Complaint were, licensed to do business and/or actually doing business in the state of California.

11.   The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious names.

Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Second Amended Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

12.  Plaintiffs are informed and believe and thereon allege at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and/or other Covered Employees, and exercised control over the wages, hours and working conditions of Plaintiffs and Covered Employees. Plaintiffs are informed and believe and thereon allege, that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have know about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## **FACTS**

13.   Upon information and belief, Defendants employ approximately 1500-2000 Covered Employees in California.

14.   Plaintiffs and Covered Employees were paid a salary plus a bonus for work performed.

15.   Specifically, upon information and belief, Defendants' managers, with the knowledge and consent of corporate management, systemically violated the law throughout California in the following respects:

  a)   Failing to pay employees overtime compensation for hours worked in excess of forty (40) hours per week;

  b)   Failing to maintain accurate records of employees' time;

  c)   Failing to pay the Covered Employees overtime compensation for hours worked in excess of eight (8) hours per day;

16.   As set forth above, Plaintiffs were employed by Defendants.   During this time, Plaintiffs on a regular basis worked over forty (40) hours per week.

17.   In addition, Plaintiffs on a regular basis worked in excess of eight (8) hours per day.

18.   Plaintiffs sustained substantial losses from Defendants' failure to pay them overtime compensation.

19.   Upon information and belief, other employees who worked for Defendants throughout California are members of the Class alleged hereinbelow and were subjected to the same policies and

practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

20.   Defendants, through their corporate management, deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

21.   At times during the liability period, Plaintiffs and members of the Class worked shifts greater than five (5) hours and were not provided nor allowed to take a thirty (30) minute, uninterrupted meal break for such shifts or work periods.

22.   At times during the liability period, Plaintiffs and members of the Class were required to work periods lasting over four (4) hours and were not provided or allowed to take a ten minute uninterrupted rest break during each such work period.

## RULE 23 CLASS ALLEGATIONS

23.   Plaintiffs brings the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief, pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all persons who were, are, or will be employed by Defendants on or after the date that is four (4) years before the filing of the Complaint in this case (the "Class Period").

24.   The proposed class that the Plaintiff seeks to represent is defined as all persons who within four (4) years of the filing of the Complaint have been, are, or in the future will be employed in California by Defendants in any of the "Covered Positions." All said persons, including Plaintiffs, are referred to herein as

the "Class."

25.   The subclasses Plaintiffs will seek to certify are currently composed of and defined as follows:

a.   All persons employed in California by Defendants in any of the Covered Positions who worked in excess of eight (8) hours per day and/or forty (40) hours per week during the applicable statutory period who were not paid overtime wages ("California Overtime Subclass "A");

b.   All persons employed in California by Defendants in any of the Covered Positions who worked in excess of forty (40) hours per week during the applicable statutory period who were not paid overtime wages ("California Overtime Subclass "B");

c.   All persons employed in California by Defendants in any of the Covered Positions who Defendants mis-classified as exempt from overtime requirements during the applicable statutory period ("California Overtime Subclass "C");

d.   All persons employed in California by Defendants in any of the Covered Positions who did not receive all meal periods or commensurate pay during the applicable statutory period ("California Meal Period Subclass");

e.   All persons employed in California by Defendants in any of the Covered Positions who did not receive all rest periods or commensurate pay during the applicable statutory period ("California Rest Period Subclass");

f.   All persons employed in California by Defendants in any of the Covered Positions who were not provided accurate

itemized statement of wages earned, hours worked, deductions, net wages and applicable hourly rates during the applicable statutory period ("California Illegal Records Subclass");

g.   All persons employed in California by Defendants in any of the Covered Positions who were not reimbursed for business expenses during the applicable statutory period ("California Business Expense Subclass");

26.   The Overtime Subclass A, Overtime Subclass B, Overtime Subclass C, Meal Period Subclass, Rest Period Subclass, Business Expense Subclass and Illegal Records Subclass are hereinafter collectively referred to as the "Subclasses".

27.   Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Class or Subclasses.  In any event, Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Class and the Subclasses alleged herein.

28.   The Class members and members of each of the Subclasses are readily ascertainable.  The number and identity of the Class members and members of the Subclasses are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said FRCP 23.

29.   The proposed Class is so numerous that joinder of all

members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than 1500 members of the Class.

30.  Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation and failing to maintain accurate records.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

31.  Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiff in wage and hour cases.

32.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

33.  Upon information and belief, Defendants and other

employers throughout the state violate the California Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of brining claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

34.  There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a)   Whether the Class members qualify for exempt status under the inside or outside salesperson exemption;

b)   Whether the Class members qualify for exempt status under the administrative exemption;

c)   Whether the Class members are primarily engaged in "sales" of Defendants' pharmaceutical products;

d)   The extent to which Defendants analyzed the duties and responsibilies of the Class members before classifying them as exempt;

e)   Defendants' expectations as to the duties and responsibilities of the Class members, and whether these expectations are reasonable under the circumstances;

f)   Whether the various tasks performed by the Class members qualify as exempt or non-exempt tasks;

g)   Whether Defendants' conduct constitutes unfair
competition within the meaning of Business and
Professions Code sections 17200 and 17203;

h)   Whether Class members are entitled to compensatory
damages, and if so, the means of measuring such
damages;

i)   Whether Class members are entitled to injunctive
relief;

j)   Whether Class members are entitled to restitution;

k)   Whether Defendants are liable for pre-judgment
interest;

l)   Whether Defendants are liable for attorneys' fees
and costs;

m)   Whether Defendants employed or jointly employed the
Plaintiff and the Class within the meaning of the
California law;

n)   What proof of hours is sufficient where Defendants
failed in their duty to maintain time records;

o)   What were the policies, practices, programs,
procedures, protocols and plans of Defendants
regarding payment of overtime wages;

p)   What were the policies, practices, programs,
procedures, protocols and plans of Defendants
regarding payment of wages for all hours worked;

q)   Whether Defendants failed and/or refused to pay the
Plaintiff and the Class premium pay for hours
worked in excess of forty (40) per workweek or

eight (8) hours per workday within the meaning of California law;

r) Whether Defendants' withholding of overtime pay was willful under the meaning of Labor Code section 203;

s) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members at all;

t) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the Class members for their work;

u) What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the Class was paid at overtime rates for overtime work;

v) Whether Defendants compensated class members that terminated their employment all wages owed them immediately upon the termination of their employment as required by California law; and

w) Whether Defendants provided Plaintiff and the Class members with rest periods and meal breaks as required by California law.

**FIRST CLAIM FOR RELIEF**

**(Unfair Competition Law,**

**Business & Professions Code § 17200 et seq.**

**Brought by Plaintiff on Behalf of**

**Himself and the Class)**

35.   Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

36.   The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), B&P Code § 17200 et seq. Section 17200 of the B&P Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

37.   Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  Defendants' conduct as herein alleged has damaged Plaintiffs and the Class by wrongfully denying their earned wages, and therefore was substantially injurious to Plaintiffs and the Class.

38.   Defendants' course of conduct, acts, and practices in violation of California laws constitute a separate and independent violation of the UCL.  Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

39.   The harm to Plaintiffs and the Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants'

actions described herein constitute an unfair business practice or act within the meaning of the UCL.

40.   The unlawful and unfair business practices and acts of Defendant, as described above, has injured Plaintiffs and the Class in that they were wrongfully denied the payment of earned compensation, both at their regular rate and overtime wages.

41.   Plaintiffs and the Class seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and applicable law.

42.   Plaintiffs and the Class seek restitution in the amount of the respective unpaid overtime for all hours of work in excess of forty (40) hours per week and/or eight (8) hours per day, uncompensated meal/rest break pay, attorneys' fees, and cost of suit and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**

**(Overtime Provisions Wage Order No. 4;**

**Labor Code §§ 510, 1194, and 1194.5**

**Brought by Plaintiff on Behalf of**

**Himself and the Class)**

43.   Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

44.   It is unlawful under California law for an employer to suffer or permit an employee to work without paying wages for all hours worked, including overtime wages for work in excess of eight (8) hour workdays and/or forty (40) hour workweeks.

45.   Plaintiffs and the Class were not properly compensated for hours that they worked in excess of eight (8) hours per weekday and/or forty (40) hours per week.

46.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class have sustained damages, including loss of earnings, in an amount to be established at trial.

47.   Plaintiffs and the Class seek damages in the amount of the respective unpaid overtime compensation, plus penalties, as provided by state law, prejudgment interest, and costs and attorneys' fees, pursuant to statute, and such other legal and equitable relief as the Court deems just and proper.

**THIRD CLAIM FOR RELIEF**

**(Waiting Period Penalties,**

**Labor Code §§ 201-203**

**Brought by Plaintiff on Behalf of**

**Himself and the Class)**

48.   Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

49.   A California employer must compensate an employee that terminates his employment not later than 72 hours thereafter.

50.   Defendant failed to pay Plaintiffs and members of the Class whose employment terminated the overtime compensation they were owed within 72 hours of the termination of their employment.

51.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class have

sustained damages, including loss of earnings, in an amount to be established at trial.

52.   Plaintiffs and the Class are entitled to seek penalties under Labor Code § 203 equal to their regular rate of pay for a period of thirty (30) days.

### FOURTH CLAIM FOR RELIEF

**(Record-Keeping Provisions, Wage Order No. 4;**

**Labor Code §§ 226, 1174, & 1174.5**

**Brought by Plaintiff on Behalf of**

**Himself and the Class)**

53.   Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

54.   By failing to record, report, and/or compensate Plaintiffs and the Class for compensable time performed before and after their regularly scheduled shifts, Defendants have failed knowingly and intentionally to make, keep, maintain, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of Labor Code §§ 226(a), 1174(d) and the IWC Wage Order.

55.   Plaintiffs and the Class are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code §§ 226(a) and 1174(d), and further seek penalties under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or one hundred dollars ($100) for the initial pay period in which a violation occurs and two hundred dollars ($200) per employee for

each violation in a subsequent pay period.

## FIFTH CLAIM FOR RELIEF

**(Meal and Rest Period Provisions,**

**Labor Code §§ 226.7 & 512, and CA Wage Order No. 4**

**Brought by Plaintiff on Behalf of**

**Himself and the Class)**

56.   Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

57.   Defendant failed to provide Plaintiffs and the Class with a half-hour meal break for every work period of more than five (5) hours per day and ten minute rest period for every four (4) hours worked, in violation of Labor Code § 512 and the IWC Wage Order.

58.   Plaintiff and the Class are entitled to seek wages under Labor Code § 226.7, including one additional hour of pay at the Plaintiffs' and the Class' regular rate of compensation for each workday that the meal or rest period is not provided.

## SIXTH CLAIM FOR RELIEF

**(Civil Penalties, Labor Code § 2699)**

59.   Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

60.   California Civil Code § 2699 provides for the imposition of civil penalties for violations of the California Labor Code where there is no statute which specifically provides for the imposition of civil penalties in specified amounts to punish the

alleged statutory violation.

61.  By and through the conduct described above, including failing to (a) pay Plaintiffs overtime compensation, (b) provide Plaintiffs with required meal and rest periods, (c) pay employees whose employment has terminated in the proper and manner, and (d) keep proper records of employees' time worked and wages paid, Defendants have violated numerous provisions of the California Labor Code, as detailed above.

62.  Pursuant to California Labor Code § 2699, Defendant is liable for civil penalties of $100 per aggrieved employee per pay period for each initial statutory violation described above, and $200 per aggrieved employee per pay period for each subsequent violation payable to the California General Fund, the Labor and Workforce Development Agency, Plaintiffs, and members of the Class for each pay period until the date of trial.

63.  Plaintiff has satisfied all of the prerequisites required for maintaining a civil suit to recover such penalties provided for in Labor Code § 2699.3.  Plaintiff SILVERMAN, by and through his counsel, provided written notice by certified mail to the California Labor and Workforce Development Agency and Defendant of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.  Thereafter, 33 days have passed since such notice was provided, and the California Labor and Workforce Development Agency have notified Plaintiff's counsel that it intends not to investigate the alleged violation.

## SEVENTH CLAIM FOR RELIEF

### (Conversion)

64.  Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

65.  At all relevant times herein, Defendants had a legal obligation imposed by statutory law to compensate Plaintiffs and the Class members for all of the hours worked, overtime, and minimum wages.  Plaintiffs have hereinbefore alleged that they and the Class were not compensated for all hours worked, overtime, minimum wages, and that such payments are due.

66.  Defendants knowingly and intentionally failed and refused to pay for all hours worked, overtime, and minimum wages. Defendants withheld these sums and converted them by refusing to pay Plaintiff and the Class members as alleged herein.  Plaintiffs and the Class owned or had the right to own and had the legal right to hold, possess and dispose of, the withheld wages, and Plaintiffs and the Class rely on this statutory right.  Plaintiffs and the Class gained the right to hold, possess, and dispose of the compensation as Plaintiffs and the Class earned these wages during the relevant time period.

67.  The exact amount of the unpaid wages and pay owed to Plaintiffs' and the Class' rights to be compensated, and to own, possess an/or control disposition of said sums.  Plaintiffs are informed and believe and thereon allege that they and each of the members of the Class were not paid overtime and minimum wages. Plaintiffs and the members of the Class and Subclasses are

entitled to overtime and minimum wages.

68.   The exact amount of the unpaid wages and pay owed to Plaintiffs and the members of the Class, and each of them, is capable of being made certain.   The specific identifiable sum of money, to which Plaintiffs and the members of the Class are entitled, varies per Class member and will be established at trial in an amount according to proof.

69.   In failing to pay overtime and minimum wages, Defendants knowingly, unlawfully, and intentionally took, appropriated, and converted the property (wages) of Plaintiffs and the Class and the Subclasses for Defendants' own use, purposes, and benefits.   At the time the conversion took place, Plaintiffs and the Class and the Subclasses were entitled to immediate possession of the amounts of wages as they were entitled to such compensation under Labor Code section 1194, Business and Professions Code sections 17200, et seq., and I.W.C. Wage Order 4.   Said conversion was oppressive, malicious and fraudulent, and Defendants' obligation to compensate was concealed by Defendants from the named Plaintiffs and from the Class and from the Subclasses, as hereinafter alleged.   Further, Defendants knew that Plaintiff and the members of the Class were, in fact, entitled to full payment of earned wages and pay, and knowingly refused payment to Plaintiff and members of the Class, and instead utilized the money they would otherwise have had to pay to Plaintiffs and the members of the Class for Defendants' own purposes and benefits.

70.   Defendants have regularly and consistently maintained corporate policies and procedures that dictated and mandated that

Class members were not to be paid for overtime and minimum wages. Plaintiff is informed and believes and thereon alleges that Defendants implemented and carried out the policies and procedures as alleged herein for the primary purpose of depriving Plaintiffs and members of the Class of their right to these wages under the Labor Code section 1194, Business and Professions Code sections 17200, et seq., and I.W.C. Wage Order 4, such that Defendants converted said sums for their own uses, as heretofore alleged.

71.   Plaintiffs are informed and believe and thereon allege that Class members carry out their tasks, duties, and responsibilities for Defendants in substantially similar fashion as heretofore alleged.  Accordingly, Defendants have taken sums owed to Plaintiffs and members of the Class and converted the same to their own use and benefit.

72.   Plaintiffs and members of the Class have been injured by said conversion through reliance on Defendants' obligation to comply with applicable California law, requiring that Defendants pay overtime and minimum wages to Plaintiff and the Class. Plaintiffs and members of the Class are entitled to all money converted by the Defendants with interest thereon, as well as any and all profits, whether direct or indirect which the Defendants acquired by their unlawful conversion.  Furthermore, Defendants' actions constituting conversion were oppressive, malicious, and fraudulent and were concealed by Defendants from the named Plaintiffs and the Class as hereinbefore alleged.  Plaintiff and the Class have been injured by Defendants' oppressive, malicious, intentional, and fraudulent actions, entitling Plaintiffs and the

Class to punitive and exemplary damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all other Covered Employees, pray for relief as follows:

A.   Certification of this action as a class action brought pursuant to FRCP Rule 23;

B.   Designation of Plaintiff SILVERMAN and Plaintiff STEHLE as representatives of the Class;

C.   An injunction against Defendants, their officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

D.   An award of damages, and/or restitution according to proof, including liquidated damages, to be paid by Defendants;

E.   Penalties available under applicable law;

F.   Costs of action incurred herein, including expert fees;

G.   Attorneys' fees under applicable statutes;

H.   Pre-judgment and post-judgment interest, as provided by law; and

I.   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

DATED: July 07, 2008            KINGSLEY & KINGSLEY, APC


                                By: /s/ Eric B. Kingsley
                                ERIC B. KINGSLEY

///

///

## **DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

DATED: July 07, 2008          KINGSLEY & KINGSLEY, APC


                              By: /s/ Eric B. Kingsley
                                  ERIC B. KINGSLEY

SECOND AMENDED COMPLAINT